IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                                    OPINION AND ORDER

                  Plaintiff,

                                           07-cv-00723-bbc

        v.

BEN HILBERT, MIKE BIERSACK,
MICHAEL PASSIG, JAIME FUECHT,
STEVEN SCHUELER, MARY ANN GORSKE,
TIMOTHY PRICE and JORDAN PREIST,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This prisoner civil rights case is proceeding on two claims: (1) defendants Ben Hilbert,

Mike Biersack, Michael Passig and Jaime Fuecht used excessive force against plaintiff on

August 17, 2005; and (2) defendants Jamie Fuecht, Steven Schueler, Ben Hilbert, Mary Ann

Gorske, Timothy Price and Jordan Preist denied plaintiff medical care for injuries he

sustained in the August 17 incident.  Defendants have moved for summary judgment on the

ground that plaintiff failed to exhaust his administrative remedies with respect to either of

this claims, as required by 42 U.S.C. § 1997e(a).  Because I conclude that plaintiff exhausted

all available administrative remedies, defendants' motion must be denied.

1

From the parties' affidavits and their exhibits, I find the following facts to be undisputed.

UNDISPUTED FACTS

In August 2005, plaintiff received a conduct report for assaulting another prisoner. The officer who issued the report wrote that plaintiff had to be "pulled . . .away from" the other prisoner and that plaintiff had to be "directed to the ground with assistance from" another officer.  The report ended by noting that plaintiff "was offered medical treatment."

At the disciplinary hearing, plaintiff explained that the other prisoner had threatened to sexually assault plaintiff's wife.  In addition, he said that he was not offered medical treatment.  The hearing officer found plaintiff guilty, finding in a written decision "that it is more likely than not that the inmate caused injury or physical harm to another inmate by kicking that inmate."  Plaintiff appealed to the warden, who affirmed the finding of guilt in a decision dated November 30, 2005.

In a grievance dated December 1, 2005, plaintiff complained that several officers had used excessive force against him in the context of breaking up a fight between him and another prisoner on August 17, 2005.  Plaintiff acknowledged that the grievance was late, but he said that he believed he could not file a grievance on this issue until the conduct

2

report had been resolved.  The inmate complaint examiner rejected the grievance as falling outside the scope of the inmate complaint review system because plaintiff was challenging the substance of his disciplinary decision.  Plaintiff filed an appeal with the warden, who affirmed the rejection.

In a grievance dated December 2, 2005, plaintiff complained that he did not receive any medical care after a use of force that occurred on August 17, 2005.  Plaintiff repeated that he believed he could not file a grievance on this issue until the conduct report had been resolved.  The inmate complaint examiner rejected the grievance as untimely, concluding that plaintiff was mistaken in his belief that the conduct report prohibited him from filing a grievance sooner.  In addition, the examiner wrote that "good cause [for the delay in filing the grievance] was not found."  Plaintiff filed an appeal with the warden, who affirmed the rejection.


OPINION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court.  This means that the prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary

3

appeals, <u>Burrell v. Powers</u>, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." <u>Pozo</u>, 286 F.3d at 1025.  Thus, if prison officials reject a grievance for failing to comply with a procedural requirement and they decline to address the merits of the grievance, the general rule is that the prisoner has not exhausted his administrative remedies and any lawsuit the prisoner later files must be dismissed. <u>Dixon v. Page</u>, 291 F.3d 485 (7th Cir. 2002); <u>Lewis v. Washington</u>, 300 F.3d 829 (7th Cir. 2002); <u>Pozo</u>, 286 F.3d at 1025.  Defendants have the burden to prove that plaintiff failed to comply with § 1997e(a). <u>Jones v. Bock</u>, – U.S. – , 127 S. Ct. 910 (2007).

At issue in this case is not just the application of 42 U.S.C. § 1997e(a) but also the proper application and interplay of three Wisconsin Department of Corrections regulations involving exhaustion of administrative remedies: Wis. Admin. Code § DOC 310.08(2)(a), which prohibits prisoners from filing a  grievance on "any issue related to a conduct report" until the conduct report has been resolved; Wis. Admin. Code § DOC 310.08(3), which says that, after the conduct report has been resolved, prisoners may file a grievance "to challenge only the procedure used in the . . .  disciplinary process"; and Wis. Admin. Code § DOC 310.11(5)(d), which requires prisoners to submit grievances with 14 days "of the occurrence giving rise to the complaint" unless they show they have "good cause" for delay.

A.  <u>Excessive Force Claim</u>

4

The inmate complaint examiner rejected plaintiff's grievance related to excessive force on the ground that he was challenging the substance of a disciplinary decision, which is prohibited by § DOC 310.08(3).   Plaintiff filed an appeal with the warden under § 310.11(6), but the warden affirmed the rejection.

It is clear that plaintiff exhausted all available remedies with respect to this excessive force claim.  He appealed his disciplinary decision to the highest reviewing authority.  When he was told by the examiner and the warden that his grievance was outside the scope of the inmate review complaint system, there was nothing else that he could do.

Defendants disagree but their position borders on the ridiculous.  To begin with, defendants advanced no argument in support of their motion for summary judgment until their reply brief.   Their brief in chief says only that the "Affidavit of Tom Gozinske establishes that the plaintiff failed to exhaust his administrative remedies because the two inmate complaints he filed were procedurally deficient." Dkt. #7, at 2.  The affidavit simply discusses the grievances plaintiff filed; it does not identify why the grievances are legally inadequate, which would not be a proper subject for an affidavit in any event.   Defendants' failure to develop an argument in its brief in chief is reason enough to deny their motion for summary judgment.  Nelson v. LaCrosse County District Attorney, 301 F.3d 820, 836 (7th Cir. 2002) (arguments raised for the first time in the reply brief are waived).

In their reply brief, defendants argue it is *plaintiff's* fault that his grievance was

5

rejected under § DOC 310.08(3).  Specifically, defendants appear to think that the grievance examiner made a mistake when he concluded that the excessive force issue was related to his conduct report.  Further, they say, if only plaintiff had made a better argument to the warden on appeal that his grievance was not related to the conduct report, the warden would have overturned the examiner's rejection and plaintiff's grievance could have been considered on the merits.

Defendants' position is unreasonable, unfair and inconsistent with circuit precedent. Even if I agreed with defendants that the examiner applied § DOC 310.08(3) incorrectly, it would be improper to make plaintiff pay for that mistake.  Plaintiff did all he could by filing all required appeals; he should not be saddled with the additional burden of convincing prison officials that they have applied their own rules incorrectly.

The court of appeals has held consistently that when a prisoner fails to complete the grievance process because of an error by the prison officials, the suit is not subject to dismissal for failure to exhaust.  For example, in Dole v. Chandler, 438 F.3d 804, 809-10 (7th Cir. 2006), prison officials never responded to a prisoner's grievance because they lost it.  When the prisoner filed a federal lawsuit, the defendants argued that the case should be dismissed for the prisoner's failure to exhaust because he could have filed another grievance. The court flatly rejected this argument, concluding that the prisoner had "already given the prison administrative process an opportunity to resolve his complaint" and that "the misstep

6

. . . was entirely that of the prison system." Id. at 810.  See also Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal not appropriate when prisoner failed to complete grievance process because of misinformation provided by prison officials).  It is the same here.  Although in theory plaintiff might have convinced the grievance examiners to consider the merits of his appeal, it was not his obligation to do so.  Once they concluded that his issue was not grievable, the requirements of § 1997e(a) were satisfied.

The exhaustion requirement of the Prison Litigation Reform Act is meant to provide notice to prison administrators of a problem.  Porter Nussle, 534 U.S. 516, 524-25 (2002); Strong v. David, 297 F.3d 646 (7th Cir. 2002).  It is not intended to be a test of the prisoner's fortitude or ability to outsmart the system.  Viewing it that way would be inconsistent with the policies of 42 U.S.C. § 1983 or 42 U.S.C. § 1997e(a).

## B.  Medical Care Claim

Exhaustion is a somewhat closer call with respect to plaintiff's claim that defendants failed to give him medical care after the use of force, but I conclude again that defendants have not met their burden to show that plaintiff failed to exhaust his administrative remedies.

Plaintiff filed a grievance on this issue in December 2005, but it was rejected because the incident giving rise to the grievance occurred in August 2005, meaning that the grievance

7

was outside the 14-day deadline of Wis. Admin. Code § DOC 310.11(5)(d).  In his grievance, plaintiff explained that he had waited because Wis. Admin. Code § DOC 310.08(2)(a) prohibits prisoners from filing grievances on "any issue related to a conduct report" until the disciplinary process is resolved.  Plaintiff filed his grievance two days after he received the warden's denial of his appeal of the disciplinary decision.  Although § DOC 310.11(5)(d) permits the acceptance of a late grievance for good cause, the examiner concluded that good cause did not exist because plaintiff had misinterpreted the regulation.

I conclude that plaintiff did all he reasonably could be expected to do and thus he exhausted all his available remedies as required by § 1997e(a).  I agree with defendants that, normally, one would not think that a claim involving a denial of medical care was related to a disciplinary decision.  In this case, however, the officer who issued the conduct report made it related by including the information in the conduct report.  It is far from clear why, but that officer concluded the conduct report by noting that "Vasquez was offered medical treatment by Sgt. Hilbert," which then prompted plaintiff to raise the issue at his disciplinary hearing.  Although that information was not necessary to find plaintiff guilty of the disciplinary charge, the test of § DOC 310.08(2)(a) is not whether the grievance would conflict with a finding of guilt, cf. Heck v. Humphrey, 512 U.S. 477 (1994) (prisoner may not file § 1983 lawsuit if doing so would necessarily imply invalidity of prisoner's confinement), it is simply whether the grievance raises "any issue related to the conduct

8

report," a phrase that is not further defined in the regulations.  In light of this broad standard, it was reasonable for plaintiff to conclude that he needed to wait until the conduct report was resolved.

The court of appeals has held that when prison officials fail to "clearly identif[y]" the proper route for exhaustion, they cannot later fault the prisoner for failing to predict the correct choice.  <u>Westefer v. Snyder</u>,  422 F.3d 570, 580 (7th Cir. 2005).  The Court of Appeals for the Second Circuit has held similarly that dismissal for failure to exhaust is not appropriate when a prisoner fails to complete the grievance process because of a reasonable but mistaken interpretation of a grievance policy.  <u>Giano v. Goord</u>, 380 F.3d 670, 679 (2d Cir. 2004).  The burden is on the Department of Corrections to make grievance procedures clear and easy to follow.  In this case, given the ambiguous language of the regulation and the language in the conduct report discussing medical treatment, plaintiff's mistake was a reasonable one.  Thus, once the grievance examiner refused to find good cause to accept the grievance, plaintiff had done everything he could do.   Defendants' motion for summary judgment must be denied with respect to plaintiff's claim that they failed to provide him with medical care after the August 17, 2005 use of force.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Ben

9

Hilbert, Mike Biersack, Michael Passig, Jaime Fuecht, Steven Schueler, Mary Ann Gorske,

Timothy Price and Jordan Preist is DENIED.

Entered this 27th day of May, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

10