IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                                OPINION AND ORDER

          Plaintiff,

                                                  07-cv-723-bbc

     v.

BEN HILBERT, MIKE BIERSACK,
MICHAEL PASSIG, JAIME FUECHT,
STEVEN SCHUELER, MARY ANN GORSKE,
TIMOTHY PRICE and JORDAN PRIEST,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This prisoner civil rights case is proceeding on two claims: (1) defendants Ben Hilbert, Mike Biersack, Michael Passig and Jaime Fuecht used excessive force against plaintiff on August 17, 2005; and (2) defendants Jamie Fuecht, Steven Schueler, Ben Hilbert, Mary Ann Gorske, Timothy Price and Jordan Priest denied plaintiff medical care for injuries he sustained in the August 17 incident. Now before the court is defendants' motion for summary judgment. Because plaintiff has raised genuine issues of material fact with respect to both claims, defendants' motion for summary judgment must be denied. Fed. R. Civ. P. 56.

1

From the facts proposed by the parties, I find the following facts to be undisputed.

UNDISPUTED FACTS

Plaintiff Luis Vasquez is a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin.  All the defendants worked at the Waupun Correction Institution: defendants Ben Hilbert, Mike Biersack, Michael Passig and Jamie Fuecht were correctional officers; defendant Steven Schueler was a Supervising Officer 2; defendants Jordan Priest and Timothy Price were correctional sergeants; and defendant Mary Gorkse was a nurse practitioner.

On August 17, 2005, defendant Biersak was escorting plaintiff to the showers and defendant Passig was escorting another prisoner from the shower stall on lower C-range. Although plaintiff was in handcuffs and a waist restraint, he was able to kick the other prisoner in the leg.  After plaintiff was told to stop, he attempted to kick the prisoner again.  (Plaintiff says he kicked the other prisoner because he had threatened plaintiff's family.)

Defendant Biersak moved plaintiff to the wall and then to the ground with the assistance of officer Spurgeon.  (The parties dispute whether Biersak "slammed" plaintiff against the wall, held him there for approximately 20 seconds and then "slammed" him repeatedly on the ground with such force that it caused him physical pain and bleeding on his wrists that later left scars, even though plaintiff did not resist once he was placed against

2

the wall. The parties also dispute whether defendant Hilbert directed Biersak to take these actions and whether defendants Passig and Fuecht were observing the use of force and failed to intervene.) Officers placed plaintiff in leg irons and escorted him to the Health Services Complex holding cell.

Plaintiff was strip searched and placed in control segregation status, where he was observed by defendants Fuecht, Hilbert, and Price. (The parties dispute whether plaintiff complained of pain to Schueler, Gorske, Fuecht, Hilbert, Priest and Price, showed them that his wrists were bleeding and requested medical treatment and whether they refused to provide him with any.)

## OPINION

In determining whether an officer has used excessive force against a prisoner, the question is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320 (1986). The factors relevant to making this determination include:

- the need for the application of force
- the relationship between the need and the amount of force that was used
- the extent of injury inflicted
- the extent of the threat to the safety of staff and inmates, as reasonably perceived

by the responsible officials on the basis of the facts known to them

> ▸ any efforts made to temper the severity of a forceful response

Id. at 321.  In Hudson v. McMillan, 503 U.S. 1, 9-10 (1992), the Court refined this standard, explaining that the extent of injury inflicted was one factor to be considered, but the absence of a significant injury did not bar a claim for excessive force so long as the officers used more than a minimal amount of force.

In this case, there is no question that some amount of force against plaintiff was justified.  It is undisputed he assaulted another prisoner and attempted to do so a second time.  However, it is disputed whether defendant Biersak continued to use force against plaintiff well after the threat was over and whether defendants Hilbert, Passig and Fuecht either directed the use of force or were present and failed to stop it.  This is sufficient to allow plaintiff to take his excessive force claim to the jury.

With respect to plaintiff's medical care claim, it is disputed whether defendants Hilbert, Schueler, Priest, Gorske, Fuecht and Price refused to provide plaintiff with medical care after he complained to them about pain, showed them that his wrists were bleeding and requested medical treatment.  From this, a reasonable jury could infer that defendants violated plaintiff's Eighth Amendment rights by consciously disregarding a serious medical need of plaintiff's.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Johnson v. Snyder, 444 F.3d 579, 584-85 (7th Cir. 2006); Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).

4

Defendants argue that if plaintiff's version of events is true, they would be entitled to the defense of qualified immunity.  However, the standard for excessive force has been clearly established for many years.  Because that standard hinges mostly on a defendant's intent, once a jury concludes that a plaintiff has met that standard, it follows that a prison official cannot then claim that he reasonably believed his actions were lawful.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."); <u>Hill v. Shelander</u>, 992 F.2d 714, 718 (7th Cir. 1993) ("[I]f the finder of fact were to decide that [defendant] acted with malicious intent, there could be no question that a reasonable prison sergeant should reasonably have known that the conduct described by [plaintiff] violated the eighth amendment.").  The same is true of the standard for a denial of medical care.  <u>Walker v. Benjamin</u>, 293 F.3d 1030, 1037 (7th Cir. 2002).  Accordingly, defendants' motion for summary judgment must be denied.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Ben Hilbert, Mike Biersack, Jaime Fuecht, Steven Schueler, Mary Ann Gorske, Jordan Priest,

Timothy Price and Michael Passig, dkt. #15, is DENIED.

Entered this 12th day of September, 2008.

                                BY THE COURT:

                                /s/

                          _____
                          BARBARA B. CRABB
                          District Judge