IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                ORDER

              Plaintiff,

                           07-cv-723-bbc

      v.

BEN HILBERT, MIKE BIERSACK,
MICHAEL PASSIG, JAIME FUECHT,
STEVEN SCHUELER, MARY ANN GORSKE,
TIMOTHY PRICE and JORDAN PRIEST,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Trial in this prisoner civil rights case for excessive force and inadequate medical care

is scheduled for November 17, 2008.  In a previous order, I granted plaintiff's petition for

a writ of habeas corpus ad testificandum for prisoners James Holmes and Clyde Scott.  In

his petition, plaintiff represented that both prisoners were eye witnesses to the events giving

rise to this lawsuit, that they agreed to testify voluntarily and that they were incarcerated at

the Waupun Correctional Institution in Waupun, Wisconsin.

       After I issued the writs, the court was contacted by staff at the Waupun prison, who

informed the court that James Holmes was not housed in Waupun and had not been there

since July *2007*.   A review of the Wisconsin Department of Corrections' internet inmate locator confirms not only that Holmes is outside Waupun but that he is no longer in the custody of the Wisconsin Department of Corrections.   This means that plaintiff has been out of contact with Holmes for more than a year and raises a question whether Holmes would still be willing to testify for plaintiff.   In any event, because Holmes is not where plaintiff says he is, I must quash the writ.   If Holmes has been released from prison, he cannot be brought to trial through a writ of habeas corpus ad testificandum.   If he has been transferred to a prison in another state, the burden and expense of bringing him to trial him simply would be too great.   Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976) (in determining whether prisoner witness should be brought to trial, court should consider "the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom").

ORDER

IT IS ORDERED that the writ of habeas corpus ad testificandum for James Holmes

2

is QUASHED.

Entered this 29th day of October, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge