IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUIS VASQUEZ,

                    Plaintiff,

    v.

BEN HILBERT, MIKE BIERSACK,
MICHAEL PASSIG, JAIME FUECHT,
STEVEN SCHUELER, MARY ANN GORSKE,
TIMOTHY PRICE and JORDAN PRIEST,

                    Defendants.

ORDER

07-cv-723-slc

---

      A jury found in favor of defendants on plaintiff's claims that defendants used excessive force against plaintiff and that they failed to provide him with medical care for his injuries after the incident. Dkt. #65. In particular, the jury answered "no" to the questions, "Did defendant Mike Biersack intentionally use excessive force for the purpose of harming plaintiff Vasquez, and not in a good faith effort to maintain or restore security or discipline on August 17, 2005?" and "Did plaintiff Vasquez have a serious medical need after the use of force on August 17, 2005?" Because of the jury's answer to these questions, it was unnecessary for the jury to consider whether defendant Ben Hilbert had directed defendant Biersack to use excessive force, whether defendants Jaime Fuecht, Ben Hilbert and Michael Passig failed to stop Biersack from using excessive force and whether defendants Fuecht, Hilbert, Mary Ann Gorske, Timothy Price, Jordan Priest and Steven Schueler knew that plaintiff needed medical treatment but failed to provide it.

      Now before the court is plaintiff's motion for a new trial on the grounds that "the jury's

verdict was against the manifest weight of the evidence" and that I "refused to allow certain significant documents into evidence." Dkt. ##67 and 71.  Plaintiff has the standard right: a court may grant a new trial if the verdict is against the clear weight of the evidence, *David v. Caterpillar*, 324 F.3d 851, 863 (7th Cir. 2003), or as a result of an erroneous evidentiary ruling that had substantial and injurious effect or influence in determining the jury's verdict, *Young v. James Green Management, Inc.*, 327 F.3d 616, 623 (7th Cir. 2003).  The problem is that plaintiff has failed to meet this standard.

In arguing that the jury's verdict was against the weight of the evidence, plaintiff simply summarizes his own testimony that defendant Biersack "brutally tackled" him and "attempt[ed] to break or dislocate [his] physical bone structure."  However, that was simply plaintiff's side of the story.  Defendant Biersack and the other defendants testified that they used only the force necessary to restore order after plaintiff kicked a prisoner once and attempted to do so a second time. "Credibility determinations . . . lie exclusively within the fact-finder's domain." *Townsend v. Fuchs*, 522 F.3d 765, 774-75 (7th Cir. 2008).  I cannot grant plaintiff a new trial simply because the jury believed defendants instead of him.  Plaintiff's repeated assertions that defendants lied on the stand adds nothing.  In any case involving contradictory stories, both sides believe the other side is failing to provide an accurate account; that is why we have juries to determine which party is more credible.

Citing *Jones-Bey v. Conley*, 144 F. Supp. 2d 1035 (N.D. Ill. 2000), plaintiff suggests that defendants used force that was excessive as a matter of law because he was handcuffed at the

2

time force was used, but plaintiff is overreading *Jones-Bey*. In that case, the court simply denied the defendants' motion for summary judgment on a prisoner's claim for excessive force on the basis of the prisoner's testimony that several correctional officers "slamm[ed] his head into the concrete floor," "struck him in the stomach and groin and pulled him around his neck," even though he was handcuffed and offered no resistance. *Id.* at 1042. This court denied defendants' motion for summary judgment for similar reasons. But neither this court nor the court in *Jones-Bey* suggested that all force used while a prisoner is handcuffed is excessive regardless of the circumstances, only that this is one of many factors that may be relevant in determining whether excessive force was used. In this case, the jury was entitled to credit defendants' testimony that the actions they took were a reasonable response to plaintiff's attempt to assault another prisoner.

Plaintiff suggests also that his "12 permanent scars" prove both that defendants used excessive force and that they disregarded a serious medical need. Again, this argument assumes that the jury was required to believe plaintiff's version of the story. The jury was entitled to draw its own conclusion about the presence and nature of any scars on plaintiff's body or to believe that any scars plaintiff may have now were not caused by defendants.

Finally, plaintiff says that "the magistrate judge erred and abused his discretion when he did not permit plaintiff's exhibits and documents into evidence at trial." However, the only piece of evidence he identifies is a psychiatric report, which he says "prevented [him] from obtaining possible damages for psychological pain." This argument is a nonstarter. The jury

3

never reached the question of damages because it determined that defendants did not violate plaintiff's constitutional rights. Thus, even if that exhibit had been admitted into evidence, it could not have made any difference to the verdict.

ORDER

It is ORDERED that plaintiff Luis Vasquez's motion for a new trial, dkt. #67, is DENIED.

Entered this 12th day of March, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge